JS 44 (Rev. 07/16)

**CIVIL COVER SHEET**



The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert W. Mauthe, M.D., P.C.,

**DEFENDANTS**
Optum360, LLC

**(b)** County of Residence of First Listed Plaintiff   Lehigh County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shenkan Injury Lawyers, LLC
6550 Lakeshore St. West Bloomfield, MI 48323
(248) 562-1320

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
Violation of the Telephone Consumer Protection Act.

## VII. REQUESTED IN
COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

MAR - 1 2017

DATE
03/01/2017

SIGNATURE OF ATTORNEY OF RECORD
/s/ Richard Shenkan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 07/16)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**

**17   945**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: ___Robert W. Mauthe. M.D., P.C. 4676 Route 309, Center Valley, PA 18034_____

Address of Defendant: __Optum360 1010 Dale St N  St Paul, MN 55117–5603_____

Place of Accident, Incident or Transaction: _____4676 Route 309, Center Valley, PA 18034_____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ___47 U.S.C. § 227___

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, ___Richard Shenkan___, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: ___03-01-2017___   ___Richard Shenkan___   ___79800___
                          Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___03-01-2017___   ___Richard Shenkan___   ___79800___   MAR - 1 2017
                          Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ROBERT W. MAUTHE, M.D., P.C., | : | CIVIL ACTION |
| v. | : | |
| Optum360, LLC | : | NO. **17   945** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                     (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 03/01/2017 | Richard Shenkan | Robert W. Mauthe M.D., P.C. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (248)562-1320 | (888) 769-1774 | rshenkan@shenkanlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR - 1 2017

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JLS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

ROBERT W. MAUTHE, M.D., P.C.,
individually and on behalf
of all others similarly situated,

        Plaintiff,

v.

OPTUM360, LLC,

        Defendant.

17      945

Civil Action No.

---

## CLASS ACTION COMPLAINT

Plaintiff, Robert W. Mauthe, M.D., P.C. ("Mauthe" or "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or its attorneys, which are based upon personal knowledge, alleges the following upon information and belief against defendant Optum360, LLC ("Optum360" or "Defendant"):

### PRELIMINARY STATEMENT

1.    Defendant has sent advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

2.    Defendant sent Plaintiff at least one advertisement by facsimile and in violation of the TCPA. Exhibit A. Plaintiff did not expressly consent to receive

1

Defendant's advertisement by fax and does not have an established business relationship with Defendant. Even if Plaintiff had consented, or the parties had an EBR, Defendant is liable under the TCPA unless and until it demonstrates the fax contained an opt-out notice conveying all the information the TCPA requires a fax recipient must be told. As indicated below, Exhibit A does not contain a compliant opt-out notice.

3.      Plaintiff brings this action against Defendant on behalf of a class of all persons or entities that Defendant sent one or more telephone facsimile messages ("faxes") offering goods, products, or services available for purchase from optumcoding.com or optum360coding.com, seeking statutory damages for each violation of the TCPA, trebling of the statutory damages if the Court determines Defendant's violations were knowing or willful, injunctive relief, compensation and attorney fees (under the conversion count), and all other relief the Court deems appropriate under the circumstances.

4.      Defendant's unsolicited faxes damaged Plaintiff and the other class members. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. The recipient of a "junk" fax loses the use of its fax machine, and many lose their paper and ink toner in printing the fax. Such an unsolicited fax interrupts the recipient's privacy. A junk fax wastes the recipient's valuable time that would have been spent on

2

something else.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Robert W. Mauthe, M.D., P.C., is a private medical practice in Center Valley, Pennsylvania.

5. On information and belief, Optum360, LLC is a Delaware limited liability company with its principal place of business in Eden Prairie, Minnesota.

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Personal jurisdiction exists over Defendant in Pennsylvania because Defendant has transacted business and committed tortious acts within the State.

8. Venue is proper in the Eastern District of Pennsylvania, because Defendant committed statutory torts within this District and a significant portion of the events took place here.

## FACTS

9. Defendant sent advertisements by facsimile to Plaintiff and a class of similarly-situated persons. Whether Defendant did so directly or with the assistance of a third party (yet unknown to Plaintiff), Defendant is directly liable for violating the TCPA.

10. Plaintiff did not give prior express invitation or permission to receive an advertisement from Defendant by fax.

11. Plaintiff does not have an established business relationship with Defendant.

3

12.    Plaintiff has received at least one of Defendant's advertisements by facsimile. A true and correct copy of the fax Plaintiff received in October 2015 is attached as Exhibit A.

13.    Exhibit A is a one-page document Defendant sent by fax about the "2015 Optum360 Essentials Conference," an educational or training program available for purchase from Defendant's website, optumcoding.com, now optum360coding.com.

14.    Exhibit A promotes Optum360's name, address, website, and contact information.

15.    Exhibit A advertises the commercial availability or quality of property, goods, or services at optumcoding.com.

16.    The     webpage     "optumcoding.com"     pushes     through     to "optum360coding.com."

17.    Exhibit A does not include the opt-out notice required by the TCPA. See 47 U.S.C. § 227 (b) (2) (D) & (E) and 47 C.F.R. § 64.1200 (a) (4) (iii) & (v).

18.    On information and belief, Defendant sent advertisements by facsimile to Plaintiff and more than 39 other persons in violation of the TCPA.

19.    Plaintiff and the other class members owe no obligation to protect their fax machines from Defendant. Their fax machines are ready to send and receive their urgent communications, or private communications about patients' medical needs, not to receive Defendant's unlawful advertisements.

4

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of a class, initially defined as follows:

> Each person or entity that was sent one or more telephone facsimile messages ("faxes") offering goods, products, or services available for purchase from optumcoding.com or optum360coding.com.

Plaintiff reserves the right to modify the proposed class definition or propose subclasses after discovery about Defendant's fax advertising program and will do so through a motion for class certification pursuant to Fed. R. Civ. P. 23.

21.     Excluded from the class are Defendant, each of Defendant's officers, directors, legal representatives, heirs, successors, and assigns, any entity in which Defendant has a controlling interest, any parent, subsidiary or affiliated company of Defendant's, and any Judge assigned to this action, including his or her immediate family.

22.     In this action, Plaintiff intends to discover, include, and resolve the merits of claims about all advertisements Defendant sent to Plaintiff by fax, as well as all advertisements Defendant sent to the other class members.

23.     Defendant's fax advertising program involved other, substantially-similar advertisements sent to increase purchases from Defendant's website, optumcoding.com or optum360coding.com. Plaintiff intends to locate those advertisements in discovery. Exhibit B, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

24.     This action is brought and may properly be maintained as a class

5

action pursuant to Fed. R. Civ. P. 23. This action satisfies Rule 23 (a)'s numerosity, commonality, typicality, and adequacy requirements. Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

25.     **Numerosity/impracticality of joinder.** On information and belief, the class consists of more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable. The precise number of class members and their identities are unknown to Plaintiff, but will be obtained from Defendant's records or the records of third parties.

26.     **Commonality and predominance.** There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

a.     Whether Exhibit A and other yet-to-be-discovered facsimiles sent by or on behalf of Defendant advertised the commercial availability or quality of property, goods or services;

b.     Whether Defendant sent advertisements by facsimile promoting

6

the commercial availability or quality of property, goods, or services;

    c.    The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which it sent fax advertisements;

    d.    Whether Plaintiff and the other class members should be awarded statutory damages;

    e.    If the Court finds that Defendant willfully or knowingly violated the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than three times the amount;

    f.    Whether the Court should enjoin Defendant from faxing advertisements in the future; and

    g.    Whether Defendant's conduct as alleged herein constituted conversion.

27.    **Typicality of claims.** Plaintiff's claims are typical of the claims of the other class members, because Plaintiff and all class members were injured by the same wrongful practices. Plaintiff and the members of the class were sent Defendant's advertisements by facsimile and those advertisements did not contain the opt-out notice required by the TCPA. Under the facts of this case, because the focus is upon Defendant's conduct, if Plaintiff prevails on its claims, then the other putative class members will prevail as well.

28.    **Adequacy of representation.** Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class it seeks

7

to represent. Plaintiff has retained undersigned counsel, who are competent and experienced in complex class action litigation, and in TCPA litigation in particular, and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the class.

29.     **Prosecution of separate claims would yield inconsistent results.** Even though the questions of fact and law in this action are predominantly common to Plaintiff and the putative class members, separate adjudication of each class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendant to operate under if/when class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendant choose to advertise by fax again in the future.

30.     **A class action is the superior method of adjudicating the common questions of law or fact that predominate over individual questions.** A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged

8

and with respect to the class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

31.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32.    Plaintiff brings Count I on behalf of itself and a class of similarly situated persons against Defendant.

33.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227 (b) (1).

34.    The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

35.    The TCPA provides a private right of action as follows:

> 3.    Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

9

(C)     Both such actions.

47 U.S.C. § 227 (b) (3).

36.     The Court, in its discretion, may treble the statutory damages if it determines that a violation was knowing or willful. 47 U.S.C. § 227 (b) (3).

37.     The TCPA requires that every advertisement sent by facsimile must include an opt-out notice clearly and conspicuously displayed on the bottom of its first page. 47 U.S.C. § 227 (b) (2) (D) and (E); 47 C.F.R. § 64.1200 (a) (4).

38.     The TCPA expressly mandates the form and content of an opt-out notice. 47 U.S.C. § 227 (b) (2) (D) & (E), in relevant part, states:

> In implementing the requirements of this subsection, the Commission ...
>
> (D) shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if...
>
> (i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;
>
> (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;
>
> (iii) the notice sets forth the requirements for a request under subparagraph (E);
>
> (iv) the notice includes—
>
>> (I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and
>>
>> (II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited

advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

(vi) the notice complies with the requirements of subsection (d) of this section;

(E) shall provide, by rule, that a request not to send future unsolicited advertisements to a telephone facsimile machine complies with the requirements under this subparagraph only if—

(i) the request identifies the telephone number or numbers of the telephone facsimile machine or machines to which the request relates;

(ii) the request is made to the telephone or facsimile number of the sender of such an unsolicited advertisement provided pursuant to subparagraph (D)(iv) or by any other method of communication as determined by the Commission; and

(iii) the person making the request has not, subsequent to such request, provided express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at such telephone facsimile machine;

39.    The FCC's regulations at 47 C.F.R. § 64.1200 (a) (4) (iii) & (v) expressly

require the following:

(iii) The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if -

(A) The notice is clear and conspicuous and on the first page of the advertisement;

11

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section;

(D) The notice includes -

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or email address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

...

(v) A request not to send future unsolicited advertisements to a telephone facsimile machine complies with the requirements under this subparagraph only if -

(A) The request identifies the telephone number or numbers of the telephone facsimile machine or machines to which the request relates;

(B) The request is made to the telephone number, facsimile number, Web site address or email address identified in the sender's facsimile advertisement; and

(C) The person making the request has not, subsequent to such request, provided express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at

12

such telephone facsimile machine.

40.     Here, Defendant violated 47 U.S.C. § 227 (b) (1) (C) by sending an advertisement by facsimile (such as <u>Exhibit A</u>) to Plaintiff and the other class members without their prior express invitation or permission.

41.     Furthermore, Defendant violated 47 U.S.C. § 227 (b) (2) (D) and (E) and 47 C.F.R. § 64.1200 (a) (4) (iii) & (v) by failing to include a compliant opt-out notice. <u>Exhibit A</u>.

42.     Because Plaintiff did not give prior express invitation or permission to receive Defendant's advertisement by fax, Plaintiff does not have an established business relationship with Defendant, and Defendant's fax does not contain a compliant opt-out notice, Defendant will not be able to prove any defense against Plaintiff's TCPA claim.

43.     <u>Exhibit A</u> does not state that Defendant's failure to comply with an opt-out request within 30 days is unlawful.

44.     <u>Exhibit A</u> does not inform the recipient that he/she/it has a legal right to request that Defendant not send any future fax.

45.     <u>Exhibit A</u> does not inform the recipient that he/she/it must identify the telephone number to which the opt-out request relates. Some persons have multiple fax numbers. <u>Exhibit A</u> does not indicate the targeted fax number in its header or otherwise.

46.     <u>Exhibit A</u> does not inform the recipient that the opt-out request will be valid only unless and until the person making the request has provided, subsequent to the request, express invitation or permission to the sender, in writing or

13

otherwise, to send such advertisement to such person at such telephone facsimile machine.

47.     Exhibit A does not specify whether the toll-free telephone number provided in the opt-out notice is staffed and available to Plaintiff and the class members 24-hours a day, 7 days a week.

48.     The opt-out information on Exhibit A is not "clear" as required by the TCPA. Instead, it includes language that is inconsistent with the law, falsely implies that Plaintiff and some other class members previously invited or consented to receive fax advertisements from Optum360—"if you would no longer like to receive fax communications"—and falsely implies that Plaintiff and the putative class members have an account with Optum360 that needs to be "update[d]" to avoid future fax advertisements. Exhibit A.

49.     Facsimile advertising imposes burdens on recipients that are distinct from the burdens imposed by other types of advertising. The required opt-out notice provides recipients the necessary information to opt-out of future fax transmissions, including a notice that the sender's failure to comply with the opt-out request will be unlawful. 47 C.F.R. § 64.1200 (a) (4) (iii).

50.     Defendant's failure to include a compliant opt-out notice on its fax advertisements makes irrelevant any express consent or established business relationship ("EBR") that otherwise might have justified Defendant's fax advertising campaigns. 47 C.F.R. § 64.1200 (a) (4).

51.     The TCPA is a strict liability statute and Defendant is liable to

14

Plaintiff and the other class members even if Defendant's actions were negligent. 47 U.S.C. § 227 (b) (3).

52.      Even if Defendant did not intend to injure Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste their valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

53.      If Defendant's actions were knowing or willful, then the Court has the discretion to increase the statutory damages up to 3 times the amount. 47 U.S.C. § 227 (b) (3).

54.      Defendant is liable for the fax advertisements at issue because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, or the faxes were sent on its behalf.

55.      Defendant's actions damaged Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Defendant used the fax machines of Plaintiff and the other class members. The subject faxes wasted Plaintiff's valuable time; time that otherwise would have been spent on Plaintiff's business activities. Defendant's faxes unlawfully interrupted Plaintiff and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of unlawful fax advertisements occurred outside Defendant's premises.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly

15

situated, demands judgment in its favor and against Defendant as follows:

     A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

     B.     That the Court award $500.00 in statutory damages for each of Defendant's violations of the TCPA;

     C.     That, if it finds Defendant willfully or knowingly violated the TCPA, the Court exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount (Plaintiff requests trebling);

     D.     That the Court enter an injunction prohibiting Defendant from violating the TCPA; and

     E.     That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

56.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

57.     Plaintiff brings Count II on behalf of itself and a class of similarly situated persons and against Defendant.

58.     By sending advertisements to their fax machines, Defendant improperly and unlawfully converted the class's fax machines to Defendant's own use. Where printed (as in Plaintiff's case), Defendant also improperly and

16

unlawfully converted the class members' paper and toner to Defendant's own use. Defendant also converted Plaintiff's time to Defendant's own use, as they did with the valuable time of the other class members.

59.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members each owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

60.     By sending them unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

61.     Defendant knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

62.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

63.     Defendant's unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

A.     That the Court adjudge and decree that the present case may be

17

properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award punitive damages;

D.    That the Court award attorney's fees;

E.    That the Court award costs of suit; and

F.    That the Court award such further relief as it may deem just and proper under the circumstances.

Respectfully submitted,

Robert W. Mauthe, M.D., P.C., a Pennsylvania corporation, individually and as the representative of a class of similarly-situated persons

By: /s/ Richard Shenkan
    One of its attorneys

Richard Shenkan (PA 79800)
Shenkan Injury Lawyers, LLC
P.O. Box 7255
New Castle, PA 16107
(248) 562-1320
(888) 769-1774 (fax)
rshenkan@shenkanlaw.com

Phillip A. Bock (*pro hac vice* admission to be requested)
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
(312) 658-5500
(312) 658-5555 (fax)
phil@classlawyers.com