UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. MAUTHE, M.D., P.C.,<br>individually and on behalf<br>of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>OPTUM360, LLC,<br><br>    Defendant. | Civil Action No. |

PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Robert W. Mauthe, M.D., P.C., ("Mauthe" or "Plaintiff"), individually and on behalf of a class of similarly-situated persons, through its attorneys, and pursuant to Fed. R. Civ. P. 23, moves for entry of an order certifying the following class:

> Each person or entity that was sent one or more telephone facsimile messages ("faxes") offering goods, products, or services available for purchase from optumcoding.com or optum360coding.com.

1.  Plaintiff files this motion soon after the filing of its Class Action Complaint to avoid an attempt by Defendant to moot Plaintiff's individual claims in this class action. However, in this case, additional discovery is necessary for the court to determine whether to certify the class Plaintiff seeks to represent. As a result, Plaintiff will seek leave to pursue class discovery as soon as practicable.

1

2. The prerequisites to class certification set out under Fed. R. Civ. P. 23(a) are met. Upon information and belief, the class is so numerous that joinder is not practicable. The claim of the Class Representative raises questions of law and fact common to and typical of the claims of each class member, and the Class Representative will fairly and adequately protect the interests of the members of the class. Since the expense and burden of individual litigation effectively makes it impossible for individual class members to seek redress for the wrongs alleged in the Class Action Complaint, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The case involves common fact questions about Defendant's fax campaign and common legal questions under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), such as:

    a. Whether <u>Exhibit A</u> and other to-be-discovered facsimiles sent by or on behalf of Defendant advertised the commercial availability or quality of property, goods or services;

    b. Whether Defendant sent advertisements by facsimile promoting the commercial availability or quality of property, goods, or services;

    c. The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which it sent fax advertisements;

    d. Whether Plaintiff and the other class members should be awarded statutory damages;

    e. If the Court finds that Defendant willfully or knowingly violated

the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than three times the amount;

  f. Whether the Court should enjoin Defendant from faxing advertisements in the future; and

  g. Whether Defendant's conduct as alleged herein constituted conversion.

  4. Additionally, class certification is proper under Rule 23(b)(3), because questions of law or fact to Plaintiff's claim and the claims of each class member predominate over any question of law or fact affecting only individual class members, and class representation is superior to other methods for the fair and efficient adjudication of this controversy. In the alternative, class certification is proper under Rule 23(b)(1), because the prosecution of separate claims or defenses by or against individual members of the class would create a risk of adjudications concerning individual members of the class that would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudication.

  5. Plaintiff requests leave to submit a brief and other evidence in support of this motion after obtaining discovery regarding the class elements. This procedure comports with Fed. R. Civ. P. 23(c)(1)(A), which permits district courts to wait until "an early practicable time" before ruling on a motion to certify a class. Practicability, the Supreme Court has determined, requires "rigorous analysis" and

probing behind the pleadings before coming to rest on the certification question. *Wal-Mart Stores, Inc., v. Dukes et al.*, 564 U.S. 338, 131 S.Ct. 2541, 2551 (2011).

**WHEREFORE**, based upon the foregoing, Plaintiff respectfully requests that the Court certify this action as a class action pursuant to Fed. R. Civ. P. 23.

March 1, 2017

Respectfully submitted,

Robert W. Mauthe, M.D., P.C., a Pennsylvania corporation, individually and as the representative of a class of similarly-situated persons

By: /s/ Richard Shenkan
    One of its attorneys

Richard Shenkan (PA 79800)
Shenkan Injury Lawyers, LLC
P.O. Box 7255
New Castle, PA 16107
(248) 562-1320
(888) 769-1774 (fax)
rshenkan@shenkanlaw.com

Phillip A. Bock (*pro hac vice* admission to be requested)
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
(312) 658-5500
(312) 658-5555 (fax)
phil@classlawyers.com